**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| JOHN C. SKINNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:02 CV00155 LMB |
| ) | |
| GEORGE NETTLETON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Presently pending before the court is plaintiff's Motion for Relief from Order. (Document Number 31). In this motion, plaintiff also requests that the court appoint counsel. Defendant has filed a Response (Doc. No. 32), and plaintiff has filed a Reply (Doc. No. 33). (Doc. No. 31).

## Background

This matter was settled and a Stipulation for Dismissal signed by the parties was filed on October 21, 2003. (Doc. No. 21). An Order of Dismissal with Prejudice was entered by the court on October 22, 2003. (Doc. No. 22).

On January 8, 2007, plaintiff filed a Motion for Writ of Execution. (Doc. No. 25). In this motion, plaintiff requested that the court issue a writ of execution against defendant for the sum of $10,000.00, the amount of the settlement in this matter. Defendant informed the court that subsequent to the payment of the settlement proceeds to plaintiff, the State of Missouri seized the check for costs incurred for the care and custody of plaintiff, pursuant to the Missouri

- 1 -

Incarceration Reimbursement Act, § 217.825 et seq. RSMo. On March 29, 2007, the court denied plaintiff's motion, finding that it had no jurisdiction to enforce a settlement agreement related to a dismissal by stipulation or to determine the validity of the Missouri Incarceration Act.

### Discussion

Plaintiff has filed a Motion for Relief from Order, in which he requests that the court relieve him of the October 22, 2004 Order of Dismissal pursuant to Rule 60(b).

Rule 60(b) allows a party to seek relief from a final judgment or an order if the party can prove mistake, inadvertence, surprise, excusable neglect, fraud, the judgment is void, or for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Such relief, however, is an "extraordinary remedy" that is only justified by "exceptional circumstances." Watkins v. Lundell, 169 F.3d 540, 544 (8th Cir. 1999). Further, Rule 60(b) is "not a vehicle for simple reargument on the merits." Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999). Thus, a motion to reconsider pursuant to Rule 60(b) is properly denied for example, where the movant "d[oes] nothing more than reargue, somewhat more fully, the merits of their claim." Id. at 989-990.

In his motion, plaintiff states that the Order of Dismissal is void because plaintiff did not receive the $10,000.00 settlement proceeds. Plaintiff contends that the Release of all Claims against defendant he executed is also void. Plaintiff argues that defendant assured him that he could send the settlement check to his father to pay him back for attorney fees. Plaintiff also contends that he was forced to proceed pro se when his counsel withdrew one month prior to the settlement and that defendant took advantage of him.

In his Response, defendant argues that counsel for defendant did not assure plaintiff that

the settlement proceeds could be sent to plaintiff's father. Defendant states that counsel for defendant rejected plaintiff's conditions regarding how the settlement proceeds were to be disbursed. Defendant has attached as an exhibit a letter written by counsel for defendant to plaintiff, in which counsel for defendant informs plaintiff that he will issue only one check to plaintiff and that what plaintiff chooses to do with the check after he receives it is "[plaintiff's] business." See Def's Ex. C. Defendant argues that plaintiff thereafter accepted the $10,000.00 settlement and the Stipulation for Dismissal, and Release of all Claims. Defendant requests that the court deny plaintiff's Motion for Relief from Order for the reasons set forth in the court's March 29, 2007 Order denying plaintiff's Motion for Writ of Execution.

As was discussed in the court's Order denying plaintiff's Motion for Writ of Execution (Doc. No. 29), once the Stipulation for Dismissal pursuant to Rule 41(a)(1) was filed, the court lost jurisdiction of the matter. Safeguard Business Systems, Inc. v. Hoeffel, 907 F.2d 861, 864 (8th Cir. 1990). The effect of a voluntary dismissal pursuant to Rule 41(a) is "to render the proceedings a nullity and leave the parties as if the action had never been brought." Williams v. Clarke, 82 F.3d 270, 273 (8th Cir. 1996). The court does not have jurisdiction to enforce a settlement agreement related to a dismissal by stipulation unless the parties agree that the court should have this power or the dismissal order includes the settlement contract. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 381, 114 S.Ct. 1673, 1677, 128 L.Ed.2d 391 (1994).

The parties in this action did not agree that the court should retain jurisdiction nor that the court incorporate the agreement in its order. As such, the court lacks jurisdiction to enforce the settlement agreement and to consider plaintiff's "Motion for Relief from Order."

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Relief from Order (Doc. No. 31) be and it is **denied.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Doc. No. 31) be and it is **denied as moot**.

Dated this   8th    day of January, 2008.

                                                   LEWIS M. BLANTON
                                                   UNITED STATES MAGISTRATE JUDGE